WILLIAMS *v.* STATE

5139                              393 S. W. 2d 618

Opinion Delivered September 13, 1965.

*Moore & Webber,* for appellant.

*Bruce Bennett, Atty. General,* By: *Beryl Anthony, Jr., Asst. Atty. Gen.,* for appellee.

SAM ROBINSON, Associate Justice. The appellant was convicted on the charge of burglary. On appeal she contends, first, that the Court erred in permitting a certain hat to be introduced in evidence; and, second, that there is no substantial evidence that appellant entered Eula's Grocery and Market, where the burglary is alleged to have occurred, with the intention of committing larceny.

Ark. Stat. Ann. § 41-1001 (Repl. 1964) provides: "Burglary is the unlawful breaking or entering a house, tenement, railroad car, automobile, airplane, or any other building, although not specially named herein, boat, vessel or water craft, by day or night, with the intent to commit any felony or larceny."

Under the provisions of the foregoing statute, if the appellant entered the store with the intention of committing larceny, she is guilty of the crime of burglary.

About 11 A.M. on the morning the crime is alleged to have been committed, the appellant, accompanied by a

man dressed in dark clothes and wearing a small-brim hat, went into a restaurant near Eula's Grocery and Market and ordered breakfast. A short time later, a man wearing dark clothes and a small-brim hat went into Eula's Grocery and Market and asked for baby food. When told that the baby food was located at the back of the store, he stated that he could not read and, therefore, needed help in getting it. On the representation that he could not read, Mrs. Cook, the clerk in the store and the only person in the store at the time, went to the back thereof with the man to help him select the baby food.

Mr. Harold Porterfield, a State Policeman, who was not on duty at the time, but was preparing to go squirrel hunting, went into the store. He saw the appellant lying on her stomach on the floor of the store with something white in her hand (this later proved to be a check). He immediately realized that she was in the act of committing a larceny and ordered her to stand up and put up her hands. Thereupon, the man in the back of the store, supposedly selecting baby food, attempted to run over Porterfield. The policeman tried to hold both the man and woman, but the man got away after losing his hat.

The hat was similar to the one worn by the man who had breakfast with appellant that morning, and was admissible in evidence as a circumstance going to prove that he was acting in concert with appellant when he inveigled Mrs. Cook to the back of the store in order to give appellant an opportunity to enter the store and commit a larceny.

When Mrs. Cook came back to the front of the store, she saw appellant drop something into the wastebasket; it was $27.00 and a check for $8.00 which had been taken from Mrs. Cook's purse that was lying under the counter near where the appellant was lying on her stomach when first seen by Officer Porterfield.

The evidence is substantial to the effect that appellant entered the store with the intention to commit larceny, and is, therefore, guilty of burglary.

Affirmed.